**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICTOF KANSAS**

| | |
|---|---|
| VIRGINIA WILLIAMS,<br><br>    Plaintiff,<br>vs.<br>SYNCHRONY BANK,<br><br>    Defendant. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>2. **KANSAS CONSUMER PROTECTION ACT, K.S.A. 50-623 et seq.**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Virginia Williams ("Plaintiff") through her attorneys, alleges the following against Defendant, Synchrony Bank ("Defendant").

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Kansas Consumer Protection Act ("KCPA"), K.S.A. 50-623 et seq., which protects consumers from suppliers who commit deceptive and unconscionable debt collection practices.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Merriam, Johnson County, Kansas.

7. Defendant Synchrony is a debt collector with its principal place of business located in Draper, Utah. Defendant can be served with process a 170 West Election Road, Suite 125, Draper, UT 84020.

8. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its attempts to collect debts, Defendant sends to

Debtor bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant attempted to collect on consumer debt from Plaintiff.

13. In or around June 2016, Defendant began placing calls to Plaintiff's cellular phone number (951) 378-1608, in an attempt to collect an alleged debt.

14. The calls originated from: (859) 309-5128, (859) 795-2727, (800) 733-1116, (816) 420-4732, (816) 420-4632, and (800) 295-4057; upon information and belief these numbers are owned or operated by Defendant.

15. Between June 21, 2016 and August 12, 2016, Defendant called Plaintiff no less than two-hundred seventy-three (273) times.

16. On or about June 27, 2016, at 8:43 p.m., Plaintiff answered a call from Defendant originating from (330) 433-5970; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

17. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

18. Plaintiff unequivocally revoked consent to be called any further.

19. On or about July 12, 2016, at 5:05 p.m. and at 8:17 p.m., Plaintiff answered a call from Defendant originating from (678) 518-2904; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

20. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

21. Plaintiff unequivocally revoked consent to be called any further.

22. Between June 27, 2016 and August 12, 2016, Defendant called Plaintiff no less than two-hundred and twenty-four (224) times after Plaintiff had unequivocally revoked consent to be contacted by telephone.

23. Despite Plaintiff's multiple requests, Defendant continued to place incessant calls to Plaintiff calling her three (3) to ten (10) times per day on multiple occasions.

24. On or about June 27, 2016, Defendant called Plaintiff ten (10) times at 8:14 a.m., 8:51 a.m., 9:46 a.m., 10:46 a.m., 12:02 p.m., 1:41 p.m., 1:42 p.m., 3:23 p.m., 5:15 p.m., and 8:43 p.m.

25. The following day, on or about June 28, 2016 Defendant called Plaintiff eight (8) times at 8:015 a.m., 9:08 a.m., 9:36 a.m., 11:36 a.m., 12:18 p.m., 12:41 p.m., 2:18 p.m., and 5:21 p.m.

26. On or about June 29, 2016, Defendant called Plaintiff six (6) times at 8:26 a.m., 1:29 p.m., 1:45 p.m., 3:45 p.m., 5:45 p.m., and 8:37 p.m.

27. Within a three-day period, Defendant called Plaintiff a total of twenty-four (24) times.

28. In less than a two-month period, between June 27, 2016 and August 12, 2016, Defendant contacted Plaintiff no less than two-hundred and twenty-four (224) times after Plaintiff unequivocally revoked consent to be contacted on her cellular phone.

29. Plaintiff suffers from diabetes, high blood pressure and Systemic Lupus Erythematosus whose symptoms are exacerbated with stress.

30. The approximately two-hundred and twenty-four (224) phone calls placed from Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

31. The continuous calls by Defendant, at random hours of the day, in the high frequency that Defendant called Plaintiff caused her increased anxiety and stress.

## CAUSE OF ACTION

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

32. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic

COMPLAINT AND DEMAND FOR JURY TRIAL

- 5 -

> telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.
>
> b. Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephones using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

34. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

35. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

37. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiffs are entitled to an award of

one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## CAUSE OF ACTION

## COUNT II

**(Violations of the Kansas Consumer Protection Act, 50-623 et seq.)**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

39. Defendant violated the KCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated § 50-627(a) of the KCPA, which states in pertinent part, "No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

      i. By calling Plaintiff two-hundred and seventy-three (273) times in less than two months the Defendant acted in an unconscionable manner, and therefore, violated the KCPA.

40. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay an alleged debt.

41. As a result of the foregoing violations of the KCPA act, 50-623 et seq., Defendant is liable to Plaintiff for actual damages or statutory damages, whichever one is greater, and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Virginia Williams respectfully requests that judgment be entered against Defendant for the following:

A. Statutory damages for $500 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Statutory damages for $1500 for each and every knowing and/or willful violation of 47 U.S.C. § 227 (b)(3)(B) and (b)(3)(C);

C. Statutory damages up to $10,000 per violation pursuant to K.S.A. § 50-636(a);

D. Reasonable attorney fees pursuant to K.S.A § 50-634(e);

E. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 7, 2017

**PRICE LAW GROUP, APC**

By: /s/ Mark D. Molner
Mark D. Molner, KS# 24493
111 W. 10th Street
Kansas City, MO 64105
P: 816-200-2572
F: 866-502-3515
E: mark@pricelawgroup.com
Attorneys for Plaintiff
Virginia Williams

COMPLAINT AND DEMAND FOR JURY TRIAL