# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**VIRGINIA WILLIAMS,**

    **Plaintiff,**

    **v.**       Case No. 17-2076

**SYNCHRONY BANK,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Virginia Williams brings this case against defendant Synchrony Bank for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-623 et seq. Plaintiff claims that defendant used an automatic telephone dialing system ("ATDS") to call her cell phone in an attempt to collect an alleged consumer debt. This matter is currently before the court on defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals (Doc. 14). Defendant requests a stay pending the D.C. Circuit Court of Appeals' decision in *ACA International v. Federal Communications Commission*, Case No. 15-1211. For the reasons set forth, defendant's motion is denied.

**I.**      **Background**

Plaintiff filed her complaint against defendant alleging that defendant called plaintiff "no less than two-hundred seventy-three (273) times" between June 21, 2016 and August 12, 2016. (Doc. 6, at 3.) Plaintiff claims that the few times she answered defendant's calls, she heard a pause before the collection agent began to speak, which indicated defendant was using an ATDS. In its answer, defendant noted it lacked "knowledge or information sufficient to form a belief" as to whether it used an ATDS to call plaintiff. (Doc. 11, at ¶ 19.)

Defendant filed the present motion asking this court to stay the proceedings until the D.C. Circuit rules on *ACA International v. Federal Communications Commission*, Case No. 15-1211. At issue in *ACA International* is the Federal Communication Commission's ("FCC") recent interpretation of the term "automatic telephone dialing system" within the TCPA.

**FCC Ruling**

An ATDS is defined under the TCPA as equipment which has the capacity:

> **(A)** to store or produce telephone numbers to be called, using a random or sequential number generator; and
> **(B)** to dial such numbers.

47 U.S.C. §227. In 2003, the FCC ruled that predictive dialers fall within the statutory definition of an ATDS. *In re the Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 18 FCC Rcd. 14014, 14093 (2003). A predictive dialer is described as "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls." *Id.* at 14091. This equipment also "has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Id.*

The FCC's ruling created confusion as to whether all predictive dialers meet the definition of an ATDS or whether only predictive dialers that have the *present* capacity to store or produce numbers for random or sequential number generation are prohibited. *See Higgenbotham v. Diversified Consultants, Inc.*, No. 13-2624-JTM, 2014 WL 1930885, at *1 (D. Kan. May 14, 2014) ("Stated in another way, the question is 'whether the dialing equipment's *present* capacity is the determinative factor in classifying it as an ATDS, or whether the equipment's *potential* capacity with hardware and/or software alterations should be considered, regardless of whether the potential capacity is utilized at the time the calls are made.'"). On July 10, 2015, the FCC issued a "Declaratory Ruling and

Order" which clarified the meaning of "capacity" under the definition of an ATDS. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (2015). In its ruling, the FCC determined that the definition of capacity "does not exempt equipment that lacks the 'present ability' to dial randomly or sequentially" and that because of Congress's intent to broadly define an ATDS, "any equipment that has the requisite 'capacity' is an autodialer and is therefore subject to the TCPA." *Id.* at 7974.

Multiple parties filed petitions for review, arguing, generally, that this overly broad definition of "capacity" is arbitrary and capricious. (*See, e.g.*, Doc. 16-1, at 4.) These petitions have been consolidated into the *ACA International* case which is currently pending before the D.C. Circuit. The case has been fully briefed, and arguments were held on October 19, 2016.

**II.    Analysis**

Defendant requests a stay in the present case arguing the D.C. Circuit's decision—which would be binding on this court under the Hobbs Act, 28 U.S.C. §2342(1)—may directly impact plaintiff's case as she has alleged defendant used an ATDS in violation of the TCPA.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Fattaey v. Kan. State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 1359866, at *2 (D. Kan. April 6, 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). It is within the court's discretion whether to grant a stay, and the movant bears the burden of showing the need. *Id.*

This court recently addressed a request for a stay pending the *ACA International* decision. *See Jones v. AD Astra Recovery Servs, Inc.*, No. 16-1013-JTM-GEB, 2016 WL 3145072 (D. Kan. June, 6, 2016).

The court denied the motion to stay finding "[d]espite the D.C. Circuit's eventual ruling, it will still be necessary for the parties to obtain discovery on the facts," including whether defendant used an ATDS. *Id.* at \*6.

In another similar case, this court granted a motion to stay pending the FCC's 2015 decision. *See Higgenbotham*, at \*1. The court found it was appropriate to wait for the FCC's definition of "capacity" because the defendant had acknowledged that the dialing system it used to call plaintiff was a predictive dialer under the TCPA, but argued that its system did not meet the statutory definition of an ATDS because it did not have the *present* capacity to store or produce telephone numbers. *Id.* Therefore, the definition of "capacity" was determinative of whether the defendant was liable under the TCPA.

In the present case, however, defendant makes no claims about whether the device it used qualifies as an ATDS under any definition. Defendant does not deny that it used an ATDS, rather in its answer it claimed it lacked "knowledge or information sufficient to form a belief" as to whether it used an ATDS. Defendant has not shown that the equipment it used would only qualify as an ATDS under the FCC's expanded definition. If the D.C. Circuit rules that the FCC's interpretation of "capacity" is overly broad, and that an ATDS is limited to only those devices with the *present* capacity to dial randomly or sequentially, defendant still has not pled any facts that would prove its equipment does not fall under even this narrower definition. Therefore, discovery is necessary regardless of how the D.C. Circuit rules. The court finds that a stay at this point is not appropriate. If, however, the D.C. Circuit still has not ruled on *ACA International* after discovery is complete, the court would consider another motion to stay to avoid any potential conflicting decisions.

**IT IS THEREFORE ORDERED** that defendant's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals (Doc. 14) is denied.

Dated September 26, 2017, at Kansas City, Kansas.

                                                    s/ Carlos Murguia
                                                    **CARLOS MURGUIA**
                                                    **United States District Judge**